UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE ALBERT, SR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-5442 |
| ILLINOIS CENTRAL RAILROAD COMPANY, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiffs' unopposed motion to remand.[1] For the following reasons, the Court grants the motion.

## I.   BACKGROUND

Plaintiffs filed this action in Louisiana state court on August 24, 2023.[2] The state court petition alleges that defendants are liable in negligence for property and personal damages caused to plaintiffs when a freight train derailed in Paulina, Louisiana, releasing approximately 20,000 gallons of hydrochloric acid.[3] In the petition, plaintiffs neither state whether the amount in dispute exceeds $75,000, nor include a specific demand.

---

[1]   R. Doc. 8.
[2]   R. Doc. 1-1.
[3]   *Id.*

Defendants removed the matter to this Court on September 21, 2023, on the basis of diversity jurisdiction.[4] In the notice of removal, defendants contend that plaintiffs' damages "may exceed" $75,000 because of the nature of plaintiffs' claims and the type of relief they seek, including damages for "physical injuries, emotional injuries, pain and suffering, past and future medical expenses, loss of enjoyment of life including personal inconveniences, trauma, loss of earnings and earning capacity, property damage, and other damages."[5]

Plaintiffs now move to remand, asserting that no individual plaintiff has a claim in excess of $75,000, and stipulating that no individual plaintiff will seek or accept an award of damages in excess of $75,000.[6]

The Court considers the motion below.

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th

---

[4] R. Doc. 1.
[5] *Id.* at 2-3; R. Doc. 1-1 ¶ 5.
[6] R. Docs. 8 & 8-3.

Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Under Fifth Circuit law, if a plaintiff pleads damages less than the jurisdictional amount, this figure will generally control and bar removal. *See Allen*, 63 F.3d at 1335. Nevertheless, if a defendant can show by a preponderance of the evidence that the amount in controversy exceeds $75,000, then removal is proper even if the plaintiff pleads damages

3

less than the jurisdictional amount. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335. If the defendant satisfies this burden to show that the jurisdictional amount is met, the plaintiff can defeat removal only by showing that it is legally certain that the plaintiff could not recover an amount in excess of $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995); *see also Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 355 n.4 (5th Cir. 2023) (affirming same).

Additionally, "post-removal [stipulations or] affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). But "if it is facially apparent from the [state court complaint] that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citations omitted).

## III. DISCUSSION

As a threshold matter, defendants' decision not to oppose plaintiffs' remand motion is, in itself, sufficient grounds to remand. *Brown v. Heintz*, No. 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting

cases); *see also Jackson v. City of New Orleans*, No. 95-1340, 1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) (holding that plaintiff's remand motion "could be granted as unopposed").

Furthermore, the Court finds that remand is required. "[T]he separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). An exception to this rule arises when plaintiffs assert a "common right." *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 n.6 (5th Cir. 2008). Here, plaintiffs do not assert any common right. Each plaintiff seeks to recover for personal and property damages affecting him or her individually. Therefore, plaintiffs' claims cannot be aggregated for purposes of calculating the amount in controversy. *Cf. Allen*, 63 F.3d at 1333-34 (finding district court appropriately aggregated punitive damages of multiple plaintiffs because punitive damages are not designed to compensate individual plaintiffs but to punish defendants); *Harris v. BMW of N. Am., LLC*, No. 19-16, 2019 WL 4861379, at *4 (E.D. Tex. Oct. 2, 2019) (distinguishing between transaction or occurrence test for proper joinder and common right test for aggregation of claims); *Phillips Petroleum John Hunter, Inc. v. Great Impressions Apparel, Inc.*, 313 F. Supp. 2d 644, 647-48 (N.D. Tex. 2002) (finding claims should be aggregated where "[p]laintiffs'

5

interests are derived from the same oral contract and they sue together to enforce that contract").

It is not facially apparent from the plaintiffs' petition that any individual plaintiff asserts a claim that satisfies the jurisdictional amount. The Court may therefore consider plaintiffs' post-removal stipulation that no individual plaintiff will seek or accept more than $75,000 in damages.[7] Defendants do not contest the stipulation, nor do they offer evidence that any individual plaintiff seeks to assert a claim that exceeds $75,000. *See De Aguilar*, 47 F.3d at 1406 ("Post-removal [stipulations or] affidavits sometimes can be relevant where the jurisdictional amount question is unresolved."); *Guillory v. Chevron Stations, Inc.*, No. 03-2385, 2004 WL 1661201, at *2 (E.D. La. July 22, 2004) ("Given that the amount in controversy is not facially apparent from the complaint and [defendant's] inability to show by a preponderance of the evidence that more than $75,000 is in controversy, the Court credits [plaintiff's stipulation].").

Because it is defendant's burden "to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000," *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), and

---

7    R. Doc. 8-3.

defendant does not challenge plaintiffs' allegations, the Court finds that the jurisdictional amount is not satisfied, and the case must be remanded.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand. This case is REMANDED to the 23rd Judicial District Court for the Parish of St. James in the State of Louisiana, Division A.

New Orleans, Louisiana, this __1st__ day of December, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE